

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# USA v. Castore

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Castore" (2008). *2008 Decisions.* Paper 409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1943

———————

UNITED STATES OF AMERICA

v.

ANTHONY CASTORE,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cr-00441)
District Judge:  Hon. Jerome B. Simandle

———————

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 6, 2008)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Counsel for Anthony Castore has filed a motion to withdraw from the case and has

submitted a brief to support this appeal pursuant to *Anders v. California*, 386 U.S. 738

(1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by Castore. Castore was given a copy of the motion and the brief with the notice that he could file a *pro se* brief. He elected not to do so.

Because we write primarily for the parties, we will only briefly discuss the facts and proceedings below. On June 13, 2006, Anthony Castore pleaded guilty to two counts of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (and 15 U.S.C. §§ 78j(b) and 78ff(a)). At the sentencing hearing, Castore objected to the inclusion of a two point enhancement, based on his use of sophisticated means, and asked the District Court to consider the directives of 18 U.S.C. § 3553(a) and grant a variance based upon his extraordinary acceptance of responsibility. The District Court rejected Castore's arguments and imposed a sentence at the very low end of the range suggested by the sentencing guidelines of 46 months. A timely Notice of Appeal was filed on March 29, 2007.

After reviewing counsel's *Anders* brief, we conclude that this case does not raise any non-frivolous issues. Therefore, we will affirm the judgment of sentence of the District Court and we will grant counsel's motion to withdraw.

We adhere to a twofold inquiry when analyzing *Anders* briefs. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). This inquiry consists of the following: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id*. Regarding the

2

first issue, we find that counsel's brief is adequate. When an attorney submits an *Anders* brief, his duties are (1) to demonstrate to the court that he has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. *Id*. In attending to his duties "[c]ounsel need not raise and reject every possible claim." *Id*. Counsel needs only to satisfy the "conscientious examination" standard set forth in *Anders*. *Id*. We are satisfied that counsel has met this standard. He diligently searched the record for any potential appealable issues arising from the sentencing proceeding and supported his claims of frivolousness with citations to relevant case law. Thus, the *Anders* inquiry proceeds to our independent search of the record. *Id*.

When an *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the *Anders* brief itself. *Youla*, 241 F.3d at 301. Counsel raises two possible issues for review in his *Anders* brief: (1) whether the District Court erred in imposing a two point increase in offense level for the use of "sophisticated means"; and (2) whether the District Court erred in declining to grant a variance and impose a sentence beneath the level recommended by the Sentencing Guidelines. On the basis of our review, we agree that both issues are without merit.

The District Court's decision to impose a two point enhancement for the use of sophisticated means was clearly correct. Castore used foreign shell corporations to hide his assets and accessed funds utilizing international wire transfers and an ATM card that was issued under another person's name. His behavior implicated several of the

3

quintessential examples of sophisticated means used to hide financial crimes discussed in Application Note 8 of § 2B1.1 of the Sentencing Guidelines.

We "lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996). The District Court noted at the sentencing hearing that it knew that it was permitted to depart downward but declined to do so. Accordingly, the District Court's decision not to grant a variance is not appealable.

After our independent examination of the record, we find that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgement of sentence and we will grant counsel's motion to withdraw.